* * * * * * * * * * *
The Full Commission reviewed the prior Decision and Order, based upon the record of the proceedings before Deputy Commissioner Harris and the briefs before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Decision and Order, except for minor modifications.
 * * * * * * * * * * *
Based upon all of the competent evidence of record and reasonable inferences flowing therefore, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff's Affidavit alleges that defendant, through the conduct of Hattie *Page 2 
Pimpong, wrongfully disciplined him on and after July 4, 2004.
2. Defendant filed a Motion to Dismiss, moving to dismiss plaintiff's claim on four stated bases: (1) pursuant to Rule 12(b)(6), that plaintiff failed to allege that any named employees violated a duty of care and failed to allege specific negligent acts by the employees; (2) pursuant to Rule 12(b)(1), that plaintiff alleged Constitutional violations and retaliatory acts and this claim is thus not properly within the Industrial Commission's jurisdiction under the Tort Claims Act; (3) pursuant to Rule 12(b)(6), that plaintiff failed to allege any specific acts of negligence; and (4) pursuant to Rule 12(b)(1), that plaintiff alleged intentional acts and this claim is thus not properly within the Industrial Commission's jurisdiction under the Tort Claims Act.
3. Plaintiff's Affidavit filed in this matter, on its face, alleges that defendant's employees misapplied defendant's regulation to discipline him for allegedly performing legal work for another inmate.
4. The Full Commission finds that plaintiff is alleging intentional conduct on the part of defendants' employees.
 * * * * * * * * * * *
Based upon the foregoing finding of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. N.C. Gen. Stat. § 143-291(a) confers the Industrial Commission with jurisdiction to hear tort claims against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State.
2. Under the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties. Bolkir v.N.C. State University, 321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988). *Page 3 
3. The Industrial Commission does not have jurisdiction over claims arising from intentional acts. N.C. Gen. Stat. § 143-291(a); Guthrie v.State Ports Authority, 307 N.C. 522, 299 S.E.2d 618 (1983). Therefore, plaintiff's claim must be dismissed. N.C. Gen. Stat. § 143-291(a).
 * * * * * * * * * * *
Based upon the foregoing Findings of Fact and Conclusion of Law, the Full Commission enters the following:
 O R D E R
1. That plaintiff's claim under the State Tort Claims Act must be and is hereby DISMISSED WITH PREJUDICE.
2. No costs are assessed, as plaintiff was permitted to file this claim in forma pauperis.
This the 5th day of March, 2007.
 S/________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/______________ CHRISTOPHER SCOTT COMMISSIONER
 S/_______________ PAMELA T. YOUNG *Page 4 
COMMISSIONER *Page 1